STATE of Alaska, Appellant,

v.

Timothy AFCAN, Sr., Appellee.

Timothy AFCAN, Sr., Cross-Appellant,

v.

STATE of Alaska, Cross-Appellee.

No. 3703.

Supreme Court of Alaska.

Sept. 8, 1978.

Victor C. Krumm, Dist. Atty., Bethel, Avrum M. Gross, Atty. Gen., Juneau, for appellant and cross-appellee.

James H. Plasman, Allan Beiswenger, Asst. Public Defenders, Bethel, Brian C. Shortell, Public Defender, Anchorage, for appellee and cross-appellant.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

This is a sentence appeal in which the State argues that Timothy Afcan's five year concurrent sentence for two counts of assault with a dangerous weapon is too lenient while Afcan cross-appeals that his sentence is excessive. When a sentence is appealed by the State we will express our disapproval of the sentence when our independent examination of the record indicates that the lower court was clearly mistaken in imposing the sentence. *McClain v. State,* 519 P.2d 811 (Alaska 1974); *State v. Chaney,* 477 P.2d 441 (Alaska 1970); AS 12.55.-120(b). When a sentence is appealed by a defendant, we will modify or vacate the sentence and remand for resentencing under the same circumstances. *See, e. g., Salazar v. State,* 562 P.2d 694 (Alaska 1977); *Cleary v. State,* 548 P.2d 952 (Alaska 1976); *Amidon v. State,* 565 P.2d 1248 (Alaska 1977); *Price v. State,* 565 P.2d 858 (Alaska 1977). In making our determination, we will examine the sentencing proceedings in light of the "nature of the offense, the character of the offender, and the protection of the public interest." *State v. Chaney, supra* at 443.

Afcan was convicted of two counts of assault with a dangerous weapon in violation of AS 11.15.220. His conviction arose out of an incident in Bethel in which a Bethel police officer was summoned to remove Afcan from the private residence of Balassia Crane where he had been causing a disturbance. Intoxicated and belligerent, Afcan refused to voluntarily leave the house with Officer Charles, who had intended to take Afcan to the Bethel Alcohol Treatment Center. Charles then physically escorted Afcan from the house where, once outside, Charles removed a partially consumed bottle of alcohol from Afcan and poured its contents on the ground. Enraged, Afcan threatened to kill Officer Charles and attempted to strike him. Charles grabbed Afcan's arm and the two wrestled to the ground. While Charles was attempting to handcuff Afcan, who was face down on the ground, Afcan threatened to kill Charles whereupon Afcan pulled a hunting knife from its sheath and swung it at Charles. Both Officer Charles and Balassia Crane, who had entered the fray, received minor wounds from the knife. Charles finally subdued Afcan with the assistance of others nearby and placed Afcan in the Bethel jail.

We have previously observed that an assault with a dangerous weapon is a serious crime. *State v. Armantrout,* 483 P.2d 696, 698 (Alaska 1971); *Dawson v. State,* 557 P.2d 142, 143 (Alaska 1976). Here, only luck prevented Afcan's assault from resulting in more serious consequences.

We have reviewed the record which indicates that Afcan has a prior criminal record of 23 misdemeanor offenses, most of which involve disorderly conduct, assault and battery and alcohol-related offenses. Afcan has not been deterred by his previous short periods of incarceration nor does his antisocial behavior show any sign of abatement. In fact, Afcan was on probation at the time he committed the assault. Considering the gravity of the offense and defendant's prior criminal record, we believe that Afcan should receive a substantial period of incarceration. This would allow an opportunity for rehabilitation and should serve to deter him from further criminal conduct. The court's sentence was well-calculated to accomplish these purposes. Further, this period of incarceration adequately isolates Afcan from society and expresses sufficient community condemnation of Afcan's felonious behavior.

We have also viewed Afcan's sentence in light of the American Bar Association standard that maximum prison terms should not exceed five years "except for cases involving particularly serious offenses, dangerous offenders, and professional criminals." *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974). We have not hesitated to approve sentences in excess of five years for violent crimes where the defendant could be classified the worst type of offender. For example, *Fox v. State,* 569 P.2d 1335 (Alaska 1977) may be compared with this case. There the defendant who had robbed a restaurant fired a shot at close range at a police officer who was trying to apprehend him. We approved a 20 year sentence because the robbery was a calculated felony, and the shooting was a conscious attempt to kill an officer in pursuit of his duty. In contrast, Afcan was a drunk acting on the passions of the moment who cannot be categorized as an offender of the worst type.

We therefore find that the court's imposition of a five year sentence was neither too lenient nor excessive.

AFFIRMED.