**STATE of Alaska, Appellant,**

v.

**Samuel AHWINONA, Sr., Appellee.**

No. 5373.

Court of Appeals of Alaska.

Aug. 27, 1981.

---

Michael N. White, Dist. Atty., Nome, for appellant.

No appearance for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

The State of Alaska appeals as too lenient a sentence given to Samuel Ahwinona, Sr., for assault with a dangerous weapon. Ahwinona pled *nolo contendere* to two counts of assault with a dangerous weapon (ADW), former AS 11.15.220, and one count of carrying a concealed weapon, former AS 11.55.010. He was sentenced to two concurrent sentences of five years for the ADW's, each with three years suspended, and to thirty days for carrying a concealed weapon, also made concurrent. We agree with the state that the sentence given is too lenient under the circumstances.

On the night of December 31, 1979, Ahwinona went to the Nome residence of Simon Jack, looking for Ahwinona's wife, Irene. Ahwinona had been drinking earlier. He was admitted through the back door by Jack, "who was wearing only a T-shirt and shorts, and was getting ready to take a shower." Jack turned and walked away as soon as he let Ahwinona in. When Ahwinona entered he saw Irene in the bedroom, lying on the bed naked from the waist down, and men's and women's clothes piled on the floor. He stated later that Irene told him she had been raped, although other witnesses dispute that she said anything. Ahwinona became shocked and angry, grabbed a 5½-inch buck knife from his pocket, and stabbed Jack once in the spine, severely injuring him. He then attacked

Sigfried Aukongak, who was also present, by holding a knife to his throat and threatening him. Aukongak escaped unharmed and called the police, who found Ahwinona still at the house, with the knife hidden in his boot.

At sentencing on the assault charges, the court considered Ahwinona's previous violent crimes and alcoholism, but emphasized Ahwinona's discovery of his wife in bed as a mitigating factor. The court gave the greatest weight in sentencing to the goal of rehabilitation, although it found Ahwinona to be violent and dangerous when drunk. The court adopted the probation officer's recommendation of concurrent sentences of five years with three suspended for each ADW.

■ We are convinced that the superior court was mistaken in imposing as lenient a sentence as it did.[1] Assault with a dangerous weapon is among the most serious crimes, *Menard v. State*, 578 P.2d 966, 971 (Alaska 1978); this crime was, furthermore, an aggravated ADW. Ahwinona stabbed Simon Jack in the back as he was walking away; at the time of trial, Jack still could not walk without crutches and had been forced to give up his occupation of reindeer herding. The incident also included a serious threat to the life of a second person, Sigfried Aukongak, on much less provocation. Even assigning great weight to provocation as a mitigating factor as to the assault on Simon Jack, Ahwinona's assault on Aukongak, a person who had no apparent connection with any sexual act with Irene Ahwinona, must be deemed wholly unjustified.

Also relevant to the issue of sentencing is Ahwinona's prior criminal record. His previous offenses include careless use of firearms (shooting at Nome police when they attempted to apprehend him) (1965), DWI (1969), OMVI (1975), and possession of firearms while intoxicated (1978). He was, furthermore, convicted of manslaughter in

1972, having fatally shot an individual who insisted that Ahwinona supply him with liquor. For that offense he was sentenced to 93 days to serve and three years suspended.

■ The sentencing range prescribed for ADW under former AS 11.15.220 was from six months to ten years. By this measure, the sentence imposed for each assault was in the middle range of possible sentences before the three years were suspended; after suspension the sentences were quite low. While the total length of the sentence imposed must be considered in determining whether a sentence is excessive or overly lenient, *Andrews v. State*, 552 P.2d 150, 152 (Alaska 1976), the amount of time the defendant has to serve is also a relevant consideration, particularly when time to serve is necessary to provide an adequate opportunity for rehabilitation. *See State v. Afcan*, 583 P.2d 849, 851 (Alaska 1978); *cf. Spearman v. State*, 543 P.2d 202, 205 (Alaska 1975) (amount of time suspended is relevant in determining if sentence is one approaching the maximum).

We may also take into account the provisions of the new criminal code as "useful and relevant in the determination of an appropriate sentence" since they are "the most recent expressions of legislative policy." *Whittlesey v. State*, 626 P.2d 1066, 1068 (Alaska 1980). This is particularly apt in the case of Ahwinona, since his crimes were committed five hours before the new code took effect. Under the new code, Ahwinona's presumptive sentence would be ten years for his assault on Simon Jack and four years for his assault on Sigfried Aukongak. AS 11.41.200, AS 11.41.210, AS 12.55.125. The terms could have been consecutively imposed. AS 12.55.025(e). The sentences could be decreased by as much as 50% for mitigating factors, such as provocation, or increased to the maximum of 20 years for the assault on Jack and 10 years for the assault on Aukongak for aggravat-

---

1. When a sentence is appealed by the state, this court will express its disapproval of the sentence when our independent examination of the record indicates that the lower court was

clearly mistaken in imposing the sentence. *State v. Afcan*, 583 P.2d 849 (Alaska 1978); *McClain v. State*, 519 P.2d 811 (Alaska 1974).

ing factors, which here include a criminal history of assaultive behavior and a crime which is one of the worst within the range of crimes covered by the statute. AS 12.-55.125, AS 12.55.155(c), AS 12.55.155(d). Commission of the crime under the influence of alcohol is neither an aggravating nor a mitigating factor. AS 12.55.155(g). Under the policy expressed by the new criminal code, the sentence given is clearly too lenient.

■ Moreover, we believe that the court did not properly balance the nature of the provocation in relation to the seriousness of the offense and Ahwinona's background, nor did it properly provide for rehabilitation sufficient to reduce Ahwinona's dangerousness to the community of Nome.[2] If this had been Ahwinona's first offense, or had it not been the product of intoxication, there might be a substantial mitigating effect in the circumstances surrounding the crime. However, Ahwinona has a long history of alcoholism and alcohol-related violence.[3] His whole background indicates that he is a person unable to control his drinking and who, when drunk, reacts inappropriately in a violent manner to situations of conflict. In this context it is apparent that Ahwinona's near-lethal attack in response to the sight of his partially clothed wife, rather than being a mitigated incident, was an episode which serves to underscore his danger to the community. There is no evidence to support Ahwinona's statement that his wife said she had been raped; his violent overreaction to the situation as it

stood involved an attack on two unarmed bystanders. This incident thus presents a strong indication that Ahwinona is a continuing danger to those around him as long as he continues to drink. The trial court in fact found this to be the case.

In spite of Ahwinona's dangerousness, the trial court gave heavy emphasis to his rehabilitation, finding that rehabilitative efforts would be appropriate and that Ahwinona deserved a chance to respond to them. Ahwinona apparently had never undergone alcoholism rehabilitation treatment in connection with his previous crimes. While we do not find that rehabilitation was unduly emphasized as a goal in sentencing, we do find that the sentence in this case did not serve to accomplish that goal. Although the court recommended to the Division of Corrections that Ahwinona complete an alcoholic information program while in prison and that he continue the program upon release if recommended by his probation officer, the court did not make those recommendations a condition of his probation, nor in fact did the court impose any alcohol-related conditions on his incarceration, probation or parole.[4] If rehabilitation was to be given primary emphasis by the trial court in sentencing, then the court should at the very least have made realistic provisions to insure, for the protection of the community, that a concerted effort at rehabilitation would have to be made. It is significant that, at sentencing, Ahwinona stated that he thought he had overcome his alcoholism problem, contrary

2. Although the question of what weight to give each of the *Chaney* criteria is within the discretion of the trial judge, *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973), this court may find the sentence too lenient if the weighting of the factors was clearly mistaken. *Campbell v. State,* 594 P.2d 65, 67 n.5 (Alaska 1979); *State v. Abraham,* 566 P.2d 267, 271–272 (Alaska 1977).

3. While voluntary intoxication or a history of alcoholism cannot, under the new criminal code, be considered an aggravating or mitigating factor for the purposes of presumptive sentencing, AS 12.55.155(g), we believe that when a violent crime is committed under the influence of alcohol by a person with a background of alcohol-related violence, his background

should be considered by the court in determining the extent to which rehabilitation will realistically be accomplished by the sentence which it intends to impose.

4. There is a need for courts to address the problem of alcohol-related violence in serious as well as less serious cases. Courts are encouraged to look beyond the alternatives of incarceration and ordinary probation for creative solutions to the difficult rehabilitative problems posed by the alcohol-abusing offender. *Kanipe v. State,* 620 P.2d 678, 680 n.8 (Alaska 1980); *Perrin v. State,* 543 P.2d 413, 416 (Alaska 1975); *see Chase v. State,* 479 P.2d 337 (Alaska 1971).

to the conclusion of his pre-sentence report. Since Ahwinona shows no insight into his problem, there is little likelihood that he will make the effort necessary to control it on his own. Because the court's sentence imposed no realistic requirements to assure an effort on Ahwinona's part, it is manifestly inadequate in terms of its stated purpose.

Since the problem of rehabilitation was not meaningfully addressed, it is almost predictable that the sentence imposed will accomplish nothing. The court acknowledged that the sentence would probably be considered lenient and that the extent of its deterrent effect to others was therefore subject to question. Ahwinona in the past has received several lenient sentences, most notably for manslaughter, which have not served to deter him from the commission of crime. Ahwinona has a criminal history that includes one violent felony and at least one misdemeanor involving serious violence; in such a case, protection of the community and community condemnation should be given considerable weight, even if rehabilitation is given highest priority.[5] In short, while we would not disagree with the trial court's assessment of Ahwinona's potential for rehabilitation, in this sentence, rehabilitation was not meaningfully provided for and every other major goal of sentencing went unfulfilled. *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

We believe that the minimum acceptable sentence for Ahwinona would have been four years to serve, with parole at the discretion of the Division of Corrections, and with a substantial amount of time suspended in addition to the four-year term. Furthermore, a maximum period of probation

and an affirmative requirement that Ahwinona complete a residential alcohol treatment program in a satisfactory manner[6] should have been imposed. These are the essential, minimal components of a sentence that we think should have been imposed in order to fulfill the goals of rehabilitation and protection of the public.[7]

The sentence appealed from is DISAPPROVED as being too lenient.

---

5. Given a history of alcohol-related violence and the slim chances of successful alcohol treatment during a short incarceration, minimal protection of society may require a more substantial sentence. *State v. Abraham*, 566 P.2d 267, 271–72 (Alaska 1977). Although a defendant commits a crime during an alcohol-induced blackout and shows potential for rehabilitation, the gravity of a serious offense must still be reflected in the sentence. *See State v. Wassilie*, 578 P.2d 971, 974–75 (Alaska 1978).

6. To the extent that Ahwinona profited from alcohol rehabilitation counseling while incarcerated and was found not to be in need of residential treatment upon release, this condition of probation would be considered satisfied.

7. *See, e. g., Nielsen v. State*, 627 P.2d 1077 (Alaska 1981), where the supreme court upheld the revocation of Nielsen's probation solely for violating the condition that he not consume alcohol.