Patricia KWALLEK, Appellant,

v.

STATE of Alaska, Appellee.

No. 7429.

Court of Appeals of Alaska.

Feb. 18, 1983.

---

Daniel Westerburg, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Patricia Kwallek was found guilty of murder in the first degree on December 18, 1982. She was released on bond on December 22, 1982. On January 7, 1983, the state filed a motion to remand Kwallek into custody pursuant to the new bail statute, AS 12.30.040(b), which became effective on January 1, 1983. Judge Thomas Schulz granted the state's motion. AS 12.30.040(b) provides in part that "if a person has been convicted of an offense which is an unclassified felony or a class A felony, the person may not be released on bail either before sentencing or pending appeal." Kwallek appeals to this court challenging the constitutionality of the amended statute on several grounds. In addition she argues that the amended statute cannot properly be applied to her. We conclude that current AS 12.-30.040(b) does not apply to defendants whose convictions occurred before the effective date of the statute, January 1, 1983.[1] It is therefore unnecessary for us to address Kwallek's constitutionality argument. AS 01.10.100(a) provides:

*Effect of repeals or amendments.* (a) The repeal or amendment of any law does not release or extinguish any penalty, forfeiture, or liability incurred *or right accruing or accrued under such law, unless the repealing or amending act so provides expressly.* The law shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of the right, penalty, forfeiture, or liability.

(Emphasis added.) Under our prior decisions concerning former AS 12.30.040(b), Kwallek had a right to have bail set pending sentencing and appeal. That right could not be denied unless the trial judge found "that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." Former AS 12.30.040(a). *See Muzzana v. State,* 653 P.2d 658 (Alaska App.1982); *Griffith v. State,* 641 P.2d 228 (Alaska App.1982). We conclude that Kwallek's right to be released on bail pending appeal is a "right accruing or accrued under such law."[2] AS 12.30.040 does not expressly extinguish any right to bail.[3] We therefore conclude that the current AS 12.30.040(b) does not apply to Kwallek because her conviction arose before the effective date of that statute. It was therefore improper for the trial judge to conclude that Kwallek's bail must be revoked based upon that statute.

The order revoking bail is REVERSED.

---

1. The parties have not briefed the issue of when convictions occur for purposes of AS 12.30.040(b). However, it appears that conviction occurs when the judge accepts a jury's guilty verdict or finds a person guilty after a plea of guilty or nolo contendere. Under AS 12.30.040(b) a person does not have to have been sentenced to be convicted, since the statute refers to a convicted defendant being released pending sentencing.

2. We do not decide whether a statute such as AS 12.30.040 deals with a matter of substantive law or procedure. *See State v. Wassillie,* 606 P.2d 1279, 1283–90 (Alaska 1980) (Rabinowitz, J., dissenting). We hold that the right to bail which Kwallek had accrued was of sufficient substantive value so that the right was protect-

ed unless expressly taken away by the legislature under AS 01.10.100.

3. The state argues that the language of Ch. 45, § 24, SLA 1982 is an expression by the legislature of an intent to apply amended AS 12.30.-040(b) retroactively. That section reads as follows: "Orders issued and regulations adopted under a law amended or repealed by this Act and in effect on January 1, 1983, and not in conflict with this Act continue until amended or repealed." We consider the language of Ch. 45, § 24, SLA 1982 to be too vague for us to reach the conclusion that the legislature intended to have AS 12.30.040(b) apply retroactively. Retroactive application must be provided for *expressly* under AS 01.10.100.