George M. PARKER, Appellant,

v.

STATE of Alaska, Appellee.

No. 7756.

Court of Appeals of Alaska.

Aug. 26, 1983.

A. Lee Petersen, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

This is a bail appeal. George M. Parker was convicted of sexual assault in the first degree, AS 11.41.410(a)(3), an unclassified felony, by an indictment charging that on November 21, 1982, he knowingly engaged in sexual penetration with Q.C.M., age 3, by inserting his finger into Q.C.M.'s vagina. When Parker filed this appeal he was awaiting sentencing. On July 18, 1983, he was sentenced to seven years with three years suspended.

Q.C.M. is the daughter of M.M., Parker's former girlfriend with whom he was living at the time of the offense. Parker was arrested on December 14, 1982, at Prudhoe Bay, Alaska, where he was working. Bail was set at $2,500. The court accepted a surety bond in the amount of $2,500 guaranteeing Parker's appearance on December 23, 1982. The record indicates that Parker made all court appearances and refrained from criminal conduct between the time of his arrest and the time of his conviction. Parker was convicted on April 1, 1983. At that time he was taken into custody and his request for bail was denied. On April 22, 1983, Parker moved to have bail set pending appeal. On April 27, 1983, after hearing,

the court denied bail, relying exclusively on AS 12.30.040(b). The statute provides:

AS 12.30.040. Release After Conviction. (a) A person who has been convicted of an offense and is awaiting sentence, or who has filed an appeal shall be treated in accordance with provisions of AS 12.30.020 [release before trial] unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons in the community. If that determination is made, the person may be remanded to custody. . . .

(b) Notwithstanding the provisions of (a) of this section, if a person has been convicted of an offense which is an unclassified felony or a class A felony, the person may not be released on bail either before sentencing or pending appeal.[1]

Alaska Statute 12.30.040(b) as amended became effective January 1, 1983.

Parker attacks the application of AS 12.-30.040(b) to prevent him from posting bail prior to sentencing and on appeal on a number of grounds. First, he contends that such application violates the statutory restriction on the retroactive application of statutes. AS 01.10.100(a); see Kwallek v. State, 658 P.2d 794 (Alaska App.1983). Second, he contends that, if applied to him, AS 12.30.040(b) would operate as an ex post facto law prohibited by article 1, section 9 of the United States Constitution and article 1, section 15 of the Alaska Constitution. Third, he contends that adoption of AS 12.30.040(b) violates article IV, section 15 of the state constitution by infringing upon the supreme court's rule-making power. See Leege v. Martin, 379 P.2d 447, 448–51 (Alaska 1963); cf. State v. Wassillie, 606

P.2d 1279, 1285–90 (Alaska 1980) (Rabinowitz, J., dissenting).

The state argues that we should uphold the trial court's ruling and sustain application of the statute to Parker. The state points out that in Kwallek we held that only those convicted before January 1, 1983, could rely on AS 01.10.100(a) in avoiding application of the amended statute. Parker was convicted on April 1, 1983, three months after the statute went into effect. The state argues that the prohibition against ex post facto laws only applies to laws which make conduct criminal after the passing of the act which would have been innocent before or in some way affect the punishment for the crime. The state does not specifically address Parker's argument that restrictions on bail violate the supreme court's rule-making power.

Parker has made a strong argument that the statute in question, if applied to him, would violate the prohibition against ex post facto laws contained in the state and federal constitutions. He bases his argument on Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (state applied changes in state law with respect to statutory good time to defendant whose crimes preceded enactment of the changes in the law; Court held application to defendant violated ex post facto prohibition); Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937) (punishment for crime changed to provide fifteen-year mandatory penalty; previously, sentence of up to fifteen years had been discretionary with trial court; Court held application of statute to person who commits crime prior to change in law violates ex post facto prohibition); and Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883) (change in law will be deemed ex post facto where the change seriously disadvantages

---

1. Alaska Statute 12.30.040(b) previously provided:

Notwithstanding the provisions of (a) of this section, if the offense a person has been convicted of is murder in the first degree, robbery in the first degree, kidnapping, or sexual assault in the first degree under AS 11.41.410(a)(1), he may not be released on

bail either before sentencing or pending appeal.

We previously held this provision unconstitutional in Muzzana v. State, 653 P.2d 658 (Alaska App.1982), and Griffith v. State, 641 P.2d 228 (Alaska App.1982). We note, however, that this prior statute did not restrict bail on appeal to those convicted of AS 11.41.410(a)(3).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

any substantial right which the defendant had under the law as it stood when the offense was committed).

The cases which directly address the question whether a statute limiting the right to bail on appeal can be applied when a crime preceded the statutory enactment are in conflict. *See Greene v. State,* 238 So.2d 296, 300 (Fla.1970) (amendment to statute denying bail upon appeal could not be applied when offense preceded enactment of the statute); *accord Ellis v. State,* 544 S.W.2d 908, 911 (Tenn.App.1976); *contra De Veau v. United States,* 454 A.2d 1308, 1314 (D.C.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983); *State ex rel. Dorton v. Circuit Court of Elkhart County,* 412 N.E.2d 72, 75 (Ind. 1980); *Spitznas v. State,* 648 P.2d 1271, 1275–76 (Okl.1982).

Those jurisdictions rejecting an *ex post facto* challenge to the application of changes in statutes relating to bail on appeal when the crimes preceded enactment of the statutes reason that the statutes are purely procedural and affect no substantive rights. Without necessarily accepting this argument we note that if it is correct, then we would be faced with Parker's alternate argument that AS 12.30.040(b), as amended, violates the supreme court's rule-making power because it conflicts with Alaska Rule of Criminal Procedure 41 and was therefore of no effect. Alaska R.Crim.P. 52. *See State v. Wassillie,* 606 P.2d 1279, 1285–90 (Alaska 1980) (Rabinowitz, J., dissenting).

▮▮▮ Recognizing our obligation to interpret statutes to avoid constitutional difficulties,[2] we are satisfied that the proper resolution of this case is foreshadowed by *Kwallek v. State,* 658 P.2d 794, 795 (Alaska

App.1983). In *Kwallek,* we prohibited application of the amendments to AS 12.30.-040(b) to cases involving convictions occurring before the effective date of the statute, January 1, 1983. We relied on AS 01.10.100(a) which provides:

> *Effect of repeals or amendments.* (a) The repeal or amendment of any law does not release or extinguish any penalty, forfeiture, or liability incurred or right accruing or accrued under such law, unless the repealing or amending act so provides expressly. The law shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of the right, penalty, forfeiture, or liability.

▮▮▮ We noted that the amendment to AS 12.30.040 did not specifically extinguish any right to bail and concluded that Kwallek's right to post-conviction bail accrued at least at the point when she was convicted. It was not necessary to decide whether her rights accrued at an earlier time. We agree with the Florida Supreme Court's observation in *Greene v. State,* 238 So.2d 296 (Fla. 1970), that the significant event, for purposes of judging the *ex post facto* effect of a statute, is the date of the offense rather than the date of conviction. *Id.* at 301. A similar conclusion, in our view, is applicable to determinations of retroactivity under AS 01.10.100(a). Parker's offense occurred on November 21, 1982. Parker was arrested on December 14, 1982. He accrued a number of fundamental rights protecting criminal defendants, including the right to bail pending conviction. If convicted, Parker had a statutory right to bail pending sentencing and appeal subject to certain quali-

---

**2.** We recognize that the prohibition against *ex post facto* laws has been held to be broader than the prohibition against retrospective civil legislation contained in statutes like AS 01.10.-100(a). *Weaver v. Graham,* 450 U.S. 24, 29–30 n. 13, 101 S.Ct. 960, 964–65 n. 13, 67 L.Ed.2d 17, 23 n. 13 (1981). The authorities supporting a narrower reading for the latter hold that procedural rights cannot be "vested" and therefore changes in such rights even when applied to conduct occurring before the change cannot

violate the rule against retrospective legislation. This is a criminal case not a civil case. We are not construing AS 01.10.100(a) as it applies to AS 12.30.040 in a vacuum, but in a context created by two constitutional challenges one based on the prohibition against *ex post facto* laws and the other based on the supreme court's rule-making power. In this context, it seems reasonable to give AS 01.10.-100(a) a broad reading to avoid constitutional difficulties.

fications.[3] While Parker's constitutional right to bail may have lapsed with his conviction, *see State v. Wassillie,* 606 P.2d at 1282, we are satisfied that Parker had accrued a sufficient statutory right to post-conviction bail at the time of his alleged offense to fall within the protection of AS 01.10.100(a). In the absence of an express statement in AS 12.30.040(b) as amended making it applicable to those in Parker's situation, we conclude that it was not applicable to him.

The order denying bail is DISAPPROVED.

BRYNER, Chief Judge, dissenting.

In *Kwallek v. State,* 658 P.2d 794 (Alaska App.1983), we held that the general restriction against retroactivity of statutes, set forth in AS 01.10.100(a), precluded application of the amended bail statute, AS 12.30.040(b), to a defendant who had been convicted of a class A felony and was granted bail pending appeal prior to the effective date of the amended bail statute. Our holding in *Kwallek* stood for the narrow proposition that, once a defendant was convicted and admitted to bail pending appeal under the former bail statute, his or her right to release pending appeal had in effect accrued; we held this right to be of sufficient importance that any attempt to alter it by application of the amended bail statute, following that statute's effective date, would constitute a prohibited retroactive application of law.

I do not believe that any broadening of our holding in *Kwallek* is justified. Since no right to release pending appeal could in any realistic sense be said to accrue prior to a defendant's conviction of a crime, I believe that use of the amended bail statute in cases where defendants have been convicted after the statute's effective date does not constitute retroactive application of the law

within the meaning of AS 01.10.100(a). Furthermore, I am unable to conclude that application of the amended bail statute to defendants convicted after its effective date poses any *ex post facto* problem. I do not think that the amended bail statute can properly be characterized as punitive in nature or in its primary purpose. Moreover, unlike statutes involved in the *ex post facto* cases relied upon in the majority opinion, the amended bail statute does not operate to increase the actual length of the jail term that a defendant must ultimately serve.

Accordingly, I believe that the trial court properly denied Parker's application for bail, and I dissent from the court's decision reversing the trial court's ruling.[1]

---

**3.** We note that AS 12.30.040(a) permits the trial court to deny bail on appeal if "the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." Our construc-

tion of the statute would permit the trial court to deny Parker bail if the record brings him within the exceptions stated in this statute.

**1.** I find no merit in Parker's claim that AS 12.30.040(b) violates due process or equal protection.