**Ronald KUVAAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1244.**

Court of Appeals of Alaska.

April 25, 1986.

---

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Ronald Kuvaas was convicted of robbery in the first degree in violation of AS 11.41.-500(a)(1). Because Kuvaas was in possession of a firearm during the robbery, he was subject to a presumptive sentence of seven years. *See* AS 12.55.125(c)(2). At the time of his robbery offense, Kuvaas was on felony probation from Oregon for theft and driving while his license was revoked. Although these offenses were felonies under Oregon law, neither is a felony under Alaska law. The sentencing Judge, Charles K. Cranston, found that Kuvaas' sentence was subject to an aggravating factor, that "the defendant was on ... probation for another felony charge or conviction." AS 12.55.155(c)(20). Based on this aggravating factor, Judge Cranston enhanced Kuvaas' sentence to fifteen years with seven years suspended. Judge Cranston placed Kuvaas on probation for five years following his release.

Kuvaas appealed to this court arguing that Judge Cranston erred in applying the aggravating factor to him. We agreed with Kuvaas' argument that the aggravating factor only applied to crimes which had elements similar to a felony offense under Alaska law at the time the prior offense was committed. *Kuvaas v. State*, 696 P.2d 684 (Alaska App.1985). We therefore reversed Kuvaas' sentence and remanded for resentencing.

On remand the state asked Judge Cranston to refer the case to a three-judge panel for resentencing. *See* AS 12.55.175. The state argued that it would be manifestly unjust not to consider Kuvaas' former convictions and the fact that he was on probation at the time the robbery occurred. The state also argued that there was evidence that Kuvaas had committed another armed robbery in Anchorage and that it would be manifestly unjust if the three-judge panel could not consider this information. Over Kuvaas' objections, Judge Cranston referred the case to the three-judge panel. Judge Cranston indicated that manifest injustice would result from failure to consider Kuvaas' prior convictions, the fact he was on probation at the time of the offense, his history of substance abuse problems, and the evidence that Kuvaas had committed another robbery.

The three-judge panel found that Kuvaas had a substantial prior record and that Kuvaas' offenses appeared to be increasing in seriousness. The judges found that Kuvaas had a problem with alcohol abuse which extended over thirty years and found that this reflected negatively on Kuvaas' prospects for rehabilitation. The panel did not adopt the trial court finding that Kuvaas had committed another robbery. The panel concluded that in light of these findings the seven-year presumptive sentence would be manifestly unjust. The panel im-

posed a sentence of twelve years with five years suspended, and placed Kuvaas on probation for five years following his release from imprisonment.

■ Kuvaas argues that since there had been no indication that his case might be referred to the three-judge panel until after his case was remanded following the sentence appeal to this court, it was illegal to refer the case to the three-judge panel. Kuvaas points out that the only argument which the state advanced at his original sentencing which could have resulted in the imposition of a sentence greater than the seven-year presumptive term was based on the aggravating factor that he was on felony probation at the time he committed the robbery. He argues that once the court of appeals found that the aggravating factor did not apply, the trial court, on remand, had no choice but to impose the presumptive sentence. He argues that imposition of a sentence greater than the seven-year presumptive term violated the prohibition against double jeopardy, violated his right to due process of law, and amounted to prosecutorial and judicial vindictiveness.

Kuvaas' arguments are based upon cases which held that a sentence could not be increased after it was meaningfully imposed. See Shagloak v. State, 597 P.2d 142 (Alaska 1979); Sonnier v. State, 483 P.2d 1003 (Alaska 1971). We find Shagloak and Sonnier inapplicable. The trial court originally enhanced Kuvaas' sentence to fifteen years with seven years suspended based on the aggravating factor. When we held that the aggravating factor did not apply, the trial court referred the case to the three-judge panel based upon basically the same factors that it had used to enhance Kuvaas' sentence in the first place under the aggravating factor. The three-judge panel then imposed a sentence which

was less than Kuvaas' original sentence, and the three-judge panel's sentence was based upon basically the same factors which the trial court had used to enhance Kuvaas' original sentence. We conclude that Kuvaas' sentence did not violate the prohibition against double jeopardy, did not violate his due process rights, and was not a product of prosecutorial or judicial vindictiveness.

■ Kuvaas also argues that the sentence which the three-judge panel imposed was excessive. In sentencing Kuvaas, Judge Brian Shortell, speaking for the panel, found that Kuvaas had a prior record which appeared to be becoming more serious over time. Judge Shortell also found that Kuvaas had a long history of alcohol abuse and that this reflected poorly on Kuvaas' prospects for rehabilitation. See State v. Ahwinona, 635 P.2d 488, 491 n. 3 (Alaska App.1981) (history of alcohol abuse may be considered by the court in sentencing to determine a defendant's prospects for rehabilitation). The three-judge panel imposed the presumptive sentence of twelve years' imprisonment and added a suspended five years to insure that Kuvaas would be subject to probation conditions upon his release. We conclude that the findings which the three-judge panel made justify the sentence which they imposed. We conclude that the sentence was not clearly mistaken. McClain v. State, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.