Paul NEWSOM, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1120.

Court of Appeals of Alaska.

Oct. 16, 1986.

William F. Dewey, Office of Public Advocacy, and Brant McGee, Public Advocate, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Paul Newsom was found guilty, following a jury trial, of one count of kidnapping, AS 11.41.300(a)(1)(C); two counts of sexual assault in the first degree, former AS 11.-41.410(a)(1); and two counts of assault in the third degree, AS 11.41.220. Judge S.J. Buckalew sentenced Newsom to eighteen years for each count of sexual assault, the sentences to run concurrently. Newsom received a sentence of ten years for kidnapping, to run consecutively with the sexual assault sentences. Finally, Judge Buckalew sentenced Newsom to two concurrent sentences of two years for each count of assault, consecutively to the other sentences. Newsom's total sentence to be served was therefore thirty years. Newsom appealed his conviction and sentence to this court. We affirmed the conviction but remanded for resentencing in *Newsom v. State*, Memorandum Opinion and Judgment No. 508, (Alaska App. January 18, 1984). On remand Judge Buckalew imposed sentences identical to those imposed previously. Newsom appeals to this court raising several issues. We reverse.

Newsom, who was twenty-eight years old at the time of the offense, kidnapped sixteen-year-old B.S. at gunpoint and sexually assaulted her. Newsom was convicted, among other charges, of two counts of assault in the first degree for engaging in anal intercourse (Count II) and oral intercourse (Count III). At the time Newsom committed these offenses, sexual assault in the first degree was a Class A felony. Former AS 11.41.410(b). Since Newsom had been previously convicted of rape, he was subject to a presumptive term of ten years' imprisonment as a second felony offender. Former AS 12.55.125(c)(2). At the first sentencing, the state argued the existence of only one aggravating factor which pertained to Count II: that B.S. sustained physical injury as a result of anal intercourse. AS 12.55.155(c)(1). Judge Buckalew found that this aggravating factor existed and, as a result, raised both of Newsom's sexual assault sentences from ten to eighteen years. On appeal, the state conceded that Judge Buckalew had made no findings which would have permitted him to aggravate Count III. The state also conceded that Judge Buckalew's findings were inadequate to aggravate Count II. We accepted the state's concession of error and remanded for resentencing. *Newsom v. State*, MO & J No. 508 at 8.

On remand, in addition to presenting the aggravating factor that B.S. sustained physical injury as a result of the anal intercourse, the prosecution contended that another aggravating factor applied to this case: that Newsom had "a criminal history consisting of prior convictions for offenses, including misdemeanors, that involved aggravated or repeated instances of assaultive behavior." Former AS 12.55.155(c)(8). The evidentiary basis for this aggravating factor was two prior incidents. In 1970, at age 17, Newsom raped a woman. He was adjudicated a delinquent and committed to a juvenile facility. Then, in 1972, Newsom was convicted of committing a rape during which he beat the victim and threatened her with a knife. He was sentenced to fifteen years. *See Newsom v. State*, 512 P.2d 557 (Alaska 1973).

In resentencing Newsom, Judge Buckalew found both aggravating factors proposed by the state. Judge Buckalew found

that the victim had suffered pain and bruising as a result of the anal intercourse and increased the ten-year presumptive sentence to twelve years on that count. Judge Buckalew placed primary emphasis on Newsom's prior history of sexual assaults in again raising the ten-year presumptive sentences for both sexual assault counts to eighteen years. Judge Buckalew stated that Newsom's prior criminal history consisted of conduct which was repetitive and dangerous. He concluded that it was highly unlikely that Newsom would ever be rehabilitated. He stated that Newsom was probably the most dangerous offender for this kind of crime that he had ever sentenced. Judge Buckalew again imposed the total sentence to be served of thirty years.

Newsom argues that Judge Buckalew erred in applying the aggravating factor that Newsom had "a criminal history consisting of prior convictions for offenses, including misdemeanors, that involved aggravated or repeated instances of assaultive behavior." While Newsom's first appeal was pending AS 12.55.155(c)(8) was amended to read: "[T]he defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior." In addition, the legislature provided for an aggravating factor where "the defendant's prior criminal history includes an adjudication as a delinquent for conduct that would have been a felony if committed by an adult." AS 12.55.-155(c)(19).

Newsom argues that only former AS 12.-55.155(c)(8) applies to him, that the amendments constitute a change in the law, and that application of the amendments to him would constitute an ex post facto law. He reasons that a juvenile adjudication could not be used as a prior *conviction* under former AS 12.55.155(c)(8).

We addressed a similar argument in *Larson v. State*, 688 P.2d 592, 597 (Alaska App.1984). Larson argued that the court could not consider as convictions a prior crime, which had been set aside by the court after Larson had completed a proba-

tionary term, and a prior juvenile adjudication. In *Larson* we did not decide whether the court could properly have considered the juvenile adjudication. However, we held that under former AS 12.55.155(c)(8) the court properly considered the conviction which had been set aside. We concluded that the amendments to former AS 12.-55.155(c)(8) had merely clarified the former statute and that the legislative purpose in requiring a conviction was to ensure "adequate verification of the event." *Id.* at 598.

We believe that there are substantial policy reasons for treating juvenile adjudications as different from adult convictions, for purposes of considering a defendant's prior history of assaultive behavior as an aggravating factor. It is quite possible that by originally referring to criminal convictions, the legislature did not intend to have courts consider prior juvenile adjudications as a prior criminal history of the defendant. Ambiguities in penal statutes must be narrowly read and construed strictly against the government. *Cassell v. State*, 645 P.2d 219, 222 (Alaska App.1982) Therefore, we conclude that a prior juvenile adjudication cannot be considered in determining whether Newsom had "a criminal history consisting of prior convictions for offenses, including misdemeanors, that involved aggravated or repeated instances of assaultive behavior."

We also conclude that the trial court could not apply current AS 12.55.155(c)(8) to Newsom's conduct since Newsom's offenses occurred before the statute was amended. There is no showing that the legislature intended to have current AS 12.55.155(c)(8) apply retroactively. AS 01.-10.100; *Kwallek v. State*, 658 P.2d 794 (Alaska App.1983). Furthermore, we believe that we should construe statutes to avoid constitutional difficulties. *Parker v. State*, 667 P.2d 1272, 1274 (Alaska App. 1983). We therefore believe that we should interpret current AS 12.55.155(c)(8) to apply only to criminal conduct which arose after the effective date of that stat-

ute to avoid the ex post facto law problem pointed out by Newsom.

It follows that Judge Buckalew erred in considering Newsom's juvenile adjudication in finding that Newsom had "a criminal history consisting of prior convictions for offenses, including misdemeanors, that involved aggravated or repeated instances of assaultive behavior." We therefore re-verse Judge Buckalew's decision and remand for further sentencing proceedings.[1]

---

1. On remand the trial court is authorized to conduct an entirely new sentencing proceeding. *See Kuvaas v. State,* 717 P.2d 855, Op. No. 615 (Alaska App.1986). We believe that our former mandate authorized the trial court to conduct an entirely new sentencing proceeding and reject Newsom's argument to the contrary.