Mark J. GEST, Appellant,

v.

STATE of Alaska, Appellee.

No. 4834.

Supreme Court of Alaska.

Nov. 21, 1980.

Jeff Jefferson, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Michael N. White, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Av-

---

rum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

At the age of eighteen, Mark Gest deliberately killed a man. He was convicted of first degree murder [1] and was sentenced to life imprisonment. He has appealed the sentence, and we affirm.

Gest had a substantial criminal record as a juvenile and spent several years in a variety of juvenile facilities in Washington. Extensive institutional efforts to reform his behavior proved futile, and finally Gest was sent to live with a sister in Anchorage, where it was hoped the change in environment would break the pattern of criminal conduct which Gest had adopted.

One night a year and a half later at an Anchorage bar, Gest and a juvenile friend encountered a man named Robert Kost, who offered to sell them some LSD. Gest and Kost went into a bathroom and Gest evidently threw away $4.00 worth of the drug; Kost demanded payment and an argument ensued. Eventually Kost left.

Later that night while driving around, Gest and his friend saw Kost walking along the roadside. They picked him up and Gest told Kost he would repay him by giving him some magic mushrooms (psilocybin) that he had back at his apartment. The three drove to Gest's apartment. On the way Gest whispered to his friend that they would beat Kost up.

At the apartment Kost and the juvenile waited outside while Gest went inside, purportedly to get the psilocybin. He came out with a rifle. Gest pointed the gun at Kost

and told him to take out his wallet. As Kost fumbled in his pockets, Gest fired a shot in the air and told Kost to start running. Kost got about thirty feet away, and Gest fired a shot in his direction. Kost fell to the ground with a bullet in his leg.

Gest and his friend loaded Kost into the back of the pickup and drove to an isolated area. They pulled Kost out of the truck and Gest told the juvenile to pull the truck ahead. While he drove ahead, the juvenile heard a shot. Gest got back in and told him he had shot the man in the back and thought he was dead.

In five or ten minutes, Kost bled and choked to death from his wounds.

Gest's defense at trial was that he had a diminished capacity. He argued that he is a paranoid schizophrenic who repeatedly responds to stress with violence or antagonism. This argument has substantial support in the diagnoses of both the prosecution and defense psychiatrists, but the jury's verdict establishes that Gest's psychological problem was insufficient to negate premeditation.

One psychiatric evaluation indicates that he is a borderline schizophrenic with an explosive personality who is "very much in need of psychological treatment," who "has a fair [2] chance of benefiting from psychotherapy." Another report finds that he "is not a good candidate for psychiatric or psychological treatment or therapy at this time. [August 31, 1978]"

Gest's first claim is that the sentencing court gave inadequate weight to rehabilitation. In view of Gest's longstanding record of youthful criminal behavior, the failure of prior rehabilitative attempts,[3] and the unpromising prognosis of the psychiatrists, we do not believe that the trial judge erred in not giving more emphasis to rehabilitation.[4] It is obvious that in this

1. Gest was convicted under former AS 11.15.-010. The maximum sentence under that statute was life imprisonment; the minimum was 20 years. Under the new penal code, AS 11.-41.100(a)(1) is applicable.

2. In a later report by the same psychiatrist the prognosis is "fair to poor."

3. *Pike v. State*, 570 P.2d 1066 (Alaska 1977).

4. There is no requirement that rehabilitation be given priority in any given case. *Ahwinona v.*

case, protection of the public through isolation of the offender was of primary significance.

Gest also claims that the life sentence is too long because he is not a worst offender.[5]

▇▇▇ The record reveals a variety of prior offenses and other examples of assaultive and antisocial behavior.[6] The crime was a particularly reprehensible one within the category.[7] Gest's psychological problems increase the risk to the public and thus its need for protection.[8] We conclude that the life sentence is this case was not clearly mistaken.[9]

AFFIRMED.

BOOCHEVER, J., not participating.

*State*, 598 P.2d 73, 76 (Alaska 1979); *Bordewick v. State*, 569 P.2d 184 (Alaska 1977); *Bailey v. State*, 548 P.2d 373, 375 (Alaska 1976). The judge has the initial discretion to determine the priority and relationship of the various sentencing functions in a particular case. *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973).

5. *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971).

6. *Wortham v. State*, 537 P.2d 1117, 1119 (Alaska 1975).

7. *Saganna v. State*, 594 P.2d 69 (Alaska 1979); *Wilson v. State*, 582 P.2d 154 (Alaska 1978); *Burleson v. State*, 543 P.2d 1195, 1201 (Alaska 1975).

8. Where a crime stems from psychological aberration as much as from a general criminal propensity, the potential for psychological rehabilitation is of course a paramount consideration in determining the appropriate sentence. *Hansen v. State*, 582 P.2d 1041 (Alaska 1978); *Mattern v. State*, 500 P.2d 228 (Alaska 1972). In this case the nature of Gest's psychological problems is such that future violent behavior is likely so long as they exist, and the psychiatrists agree that there is no short term prospect for resolving them. Gest remains eligible for parole after 15 years in the event the threat he now poses is determined at some future date to have been alleviated, but we would do no service to society by reducing Gest's term on the bare hope that he will cease to be a threat to society simply through the passage of time.

9. *McClain v. State*, 519 P.2d 811 (Alaska 1974).