Arthur Lee SMITH, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. 5383.

Court of Appeals of Alaska.

Nov. 30, 1984.

John W. Sivertsen, Jr., and Terry C. Aglietti, Aglietti, Offret & Pennington, Anchorage, for appellant.

Victor C. Krumm, Dist. Atty., Ketchikan, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Arthur Lee Smith, Jr., appeals as excessive a sentence of two concurrent fifteen-year terms of imprisonment imposed by Superior Court Judge Victor Carlson after Smith's conviction of two counts of rape.[1]

The two offenses for which Smith was sentenced occurred about nine months apart and were strikingly similar in nature. On both occasions Smith abducted a young woman in the early hours of the morning as she left Chilkoot Charlie's, an Anchorage bar. Smith's two victims, K.M. and R.J., were forced to accompany him to a remote area of Anchorage, where Smith committed his rapes.[2]

Smith argues, first, that Judge Carlson failed adequately to address the criteria set forth in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). In particular, Smith contends that insufficient attention was given to the criterion of rehabilitation. We cannot agree.

▆ Judge Carlson's sentencing remarks were brief, and they did not include a recitation of the governing *Chaney* factors. However, it has consistently been recognized that the *Chaney* factors are not talismanic, and their ritual incantation is not necessary before a sentence will be valid. *See, e.g., Perrin v. State*, 543 P.2d 413, 418 (Alaska 1975). Despite the brevity of Judge Carlson's sentencing remarks in the present case, we believe that they reflect a recognition of the *Chaney* goals and that they demonstrate an appropriate consideration of their relative importance.

▆ A review of the judge's sentencing remarks and of his colloquy with Smith shows specifically that the crucial goal of rehabilitation was carefully considered. However, Judge Carlson declined to place emphasis on that goal for several reasons. First, it is apparent that Judge Carlson was impressed with the seriousness of Smith's offenses[3] and, in particular, with the manner of their commission. Second, Smith's psychological profile and his poor prognosis for rehabilitation through therapy, as reflected by his psychiatric evaluation, obviously influenced the court's conclusion that he was an unlikely candidate for rehabilitation.[4] Finally, Judge Carlson was clearly

---

**1.** Smith was indicted under former AS 11.15.-020(a)(1). He was convicted of one count by a jury and thereafter entered a plea of *nolo contendere* to the other count. Sentencing was under AS 11.15.130(c).

**2.** The manner in which the rapes were committed was particularly offensive. Both of Smith's victims were forced to commit fellatio upon him and were raped vaginally and anally. In addition, K.M., Smith's first victim, was in the midst of her menstrual period when she was raped. Smith first stuffed her panties in her mouth and, later, forced her to suck on her sanitary napkin. Smith engaged in the same conduct himself. Smith further instructed K.M. to urinate on him, and when she was unable to do so, he defecated in her car and commanded her to eat his feces. K.M. threw the feces from her car and told Smith that she had complied with his request. Smith's second victim, R.J., also had her panties stuffed in her mouth and was ordered by Smith to urinate on him. With both K.M. and R.J., Smith's demeanor, which was menacing prior to and during his sexual assaults, changed abruptly when Smith completed his rape; Smith became subdued and apologetic towards his victims.

**3.** A tacit assumption of Smith's argument, both before the superior court and on appeal, is that the seriousness of his conduct is somehow mitigated by the fact that both K.M. and R.J. were young, unmarried women who chose to spend time at a bar unaccompanied by male companions. This is an assumption which we expressly reject. There should be no reason why women, any more so than men, should not feel free to seek entertainment and relaxation in public establishments without fear of unsolicited and undesired intrusion by others.

**4.** A psychiatric evaluation of Smith prepared in aid of sentencing indicated that he was "evasive," "simplistic," and "attempting to present himself in the most favorable light possible." The report went on to state that Smith was prone to act impulsively, had difficulty controlling his aggressive impulses, and could "act in a violent manner if backed to the wall in the future." The court's assessment of Smith's psychological makeup in terms of his poor potential for rehabilitation was additionally supported by a report submitted by the Municipality of Anchorage's Treatment Alternatives to Street Crimes program, which found Smith to have an incipient alcohol abuse problem that he refused to recognize. The report concluded that "[t]reatment participation, as an alternative to incarceration, does not appear to be very promising...."

influenced by Smith's apparent unwillingness to accept realistic responsibility and accountability for his conduct, and by his almost total lack of insight into the seriousness of his offenses and into his own psychological and drug abuse problems. Smith's disingenuous testimony at trial, his inability to accept responsibility for his conduct in realistic terms, and his almost total lack of insight into his problems are all matters properly considered by the court in rejecting rehabilitation as a paramount goal of sentencing. *See, e.g., Davis v. State,* 635 P.2d 481, 487 (Alaska App.1981); *State v. Ahwinona,* 635 P.2d 488, 491–92 (Alaska App.1981); *State v. Abraham,* 566 P.2d 267, 271–72 (Alaska 1977).

While the sentencing goals of *Chaney* must be considered in each case, it is only in instances where the court's remarks afford no insight to its reasons for sentencing or where they affirmatively indicate that its sentence was not properly grounded on the *Chaney* goals that failure to address the goals expressly will require a remand. *See, e.g., Ferguson v. State,* 606 P.2d 382 (Alaska 1980); *Andrews v. State,* 552 P.2d 150 (Alaska 1976). And, though the court must in each instance give consideration to all of the *Chaney* goals, it is the court's prerogative to decide the weight and order of priority to be given to each goal, based on the circumstances of the individual case. *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973); *Nicholas v. State,* 477 P.2d 447, 448 (Alaska 1970).

The sentencing court is not required to give priority to rehabilitation in imposing sentence, but, rather, it may determine which among the various sentencing goals should be emphasized. *Gest v. State,* 619 P.2d 724 (Alaska 1980). In this regard, it has been held that a sentence imposed for a serious crime must reflect recognition of the need to isolate the offender, to deter the commission of similar offenses, and to express the community's condemnation of the behavior in order to reaffirm societal norms. *Helmer v. State,* 616 P.2d 884 (Alaska 1980). Especially where a crime stems from psychological aberration, the potential for psychiatric rehabilitation is a paramount consideration in determining the weight to be given to the factor of rehabilitation and, consequently, the length of the appropriate sentence to be given. *Gest v. State,* 619 P.2d at 725.

Here, we conclude that Judge Carlson's remarks made clear his reasons for declining to give great weight to rehabilitation in sentencing Smith and that these reasons are fully supported in the record. We further find implicit in the court's remarks a recognition of the importance of deterrence, of isolating Smith for the protection of the public, and of condemning Smith's conduct, in light of its seriousness, in order to reaffirm societal norms. Primary emphasis appears to have been given by Judge Carlson to Smith's age and lack of prior convictions and to the need to isolate him from the community. Under the circumstances presented here by the totality of the record, we cannot say that this decision was clearly mistaken.[5]

Smith's next contention is that he received a virtual maximum sentence, without an express finding by the court that he was a worst offender, a finding Smith contends would be unwarranted in light of the fact that these two convictions were his first crimes. This argument is without merit.

The maximum term of imprisonment for rape under former AS 11.15.130(c) is twenty years. While a sentence that is not technically a maximum sentence must be treated as one if it is the virtual equivalent thereof, *Christian v. State,* 513 P.2d 664 (Alaska 1973), a fifteen-year sentence falls substantially below the maximum of twenty years provided for here. More significantly, twenty years' imprisonment was the maximum that Smith could have received on each of his two convictions. Since Smith's offenses occurred nine months

5. We note that Judge Carlson showed an ample awareness of Smith's needs and potential for rehabilitation in recommending, as a part of his sentence, that Smith receive psychiatric assistance and drug counselling in the event he appeared willing to participate.

apart and involved different victims, he could properly have been sentenced consecutively. *See, e.g., Lock v. State,* 609 P.2d 539 (Alaska 1980). The maximum sentence for Smith in this case would thus have been a term of forty years. Under these circumstances, Smith did not receive a maximum sentence, and the sentencing court was not obliged to make a finding that he was a worst offender. *See, e.g., Moore v. State,* 597 P.2d 975 (Alaska 1979); *Chappell v. State,* 592 P.2d 1218, 1221 (Alaska 1979); *Fox v. State,* 569 P.2d 1335, 1337 (Alaska 1977).

■ Smith's final argument, that his fifteen-year sentence was excessive under all of the circumstances, is largely answered by our determination that Judge Carlson properly considered and rejected rehabilitation as a primary sentencing goal in this case.[6] Given Smith's poor rehabilitative potential, we believe that the seriousness of his crimes, and, in particular, the horrifying and degrading manner in which they were committed, place this case within the same general category as other rape cases in which long sentences have been approved.[7]

It is undeniable that fifteen years is a long time. *Newsom v. State,* 533 P.2d 904, 912 (Alaska 1975). However, here, as Judge Carlson found, "[t]he risk of [Smith] harming another woman is very great." The nature of Smith's assaults and the poor prognosis for his rehabilitation justify a lengthy sentence, and we believe that the concurrent fifteen-year terms imposed by Judge Carlson will appropriately further the goals of deterrence, isolation, and community condemnation. Accordingly, we cannot say that these sentences were clearly mistaken. *McClain v. State,* 519 P.2d 811, 813 (Alaska 1974).[8]

AFFIRMED.

---

6. Smith's poor potential for rehabilitation, coupled with his conviction of two separate offenses, serves to distinguish this case from *Ahvik v. State,* 613 P.2d 1252 (Alaska 1980), upon which he relies.

7. *See, e.g., Tuckfield v. State,* 621 P.2d 1350, 1353–54 (Alaska 1981); *Coleman v. State,* 621 P.2d 869, 886–87 (Alaska 1980); *Shelton v. State,* 611 P.2d 24 (Alaska 1980); *Lacey v. State,* 608 P.2d 19 (Alaska 1980); *Wikstrom v. State,* 603 P.2d 908 (Alaska 1979); *Post v. State,* 580 P.2d 304 (Alaska 1978); *Morrell v. State,* 575 P.2d 1200 (Alaska 1978); *Davis v. State,* 635 P.2d 481 (Alaska App.1981).

8. While Smith was not subject to presumptive sentencing, we note that his fifteen-year sentence is within the range of sentences provided by the code. *Sundberg v. State,* 652 P.2d 113, 116 (Alaska App.1982). Under the current sentencing scheme Smith would have been presumptively sentenced to eight years for each conviction of sexual assault in the first degree, AS 12.55.125(i)(2), subject to adjustment as provided in AS 12.55.155–.175. Since Smith was convicted of two separate assaults, under current law he would have been subject to consecutive sentencing. *Griffith v. State,* 675 P.2d 662, 664 (Alaska App.1984).