Stephen M. RAYMOND, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–741.

Court of Appeals of Alaska.

April 26, 1985.

Janet L. Crepps, Asst. Public Defender, and Dana Fabe, Public Defender, for appellant.

Scott Jay Sidell, Asst. Mun. Prosecutor, James Ottinger, Acting Mun. Prosecutor, and Jerry Wertzbaugher, Mun. Atty., for appellee.

Before BRYNER, Chief Judge, and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Stephen M. Raymond was sentenced to 1180 days with 720 suspended for two convictions for driving while intoxicated (DWI) and two convictions for driving with license revoked (DWLR). AMC 09.28.020(A); AMC 09.12.010(B). He appeals his sentence of 460 days to serve as excessive.[1] We affirm.

In case number 7152, Raymond pled no contest to DWI and DWLR for an incident occurring on November 3, 1983. District Court Judge Glen C. Anderson sentenced Raymond to 280 days with 190 days suspended for DWI and 180 days with 90 days suspended for DWLR. The sentences were consecutive, and totalled 180 days to serve.

In case number 7191, Raymond pled no contest to DWI and DWLR for an incident occurring on November 9, 1983. Judge Anderson imposed 360 days with 180 days suspended for DWI and 360 days with 260 suspended for DWLR. These sentences, amounting to 280 days to serve, were consecutive to each other, and consecutive to the sentences imposed in case number 7152.

Raymond also admitted a petition to revoke probation in case number 3068, another DWI offense, which had occurred in May 1983. No sentence was imposed on the probation revocation.

Raymond's total sentence for the two offenses occurring in November 1983 was 1180 days with 720 suspended, for a total of 460 days to serve. He argues on appeal that his sentence is excessive, and should be limited to 300 days to serve. He also contends that Judge Anderson failed to address adequately the *Chaney* criteria. *See State v. Chaney,* 477 P.2d 441 (Alaska 1970).

Raymond entered his no contest pleas to the charges arising out of the two November 1983 offenses as part of a plea agreement with the municipality. As its part of the agreement, the municipality dropped other criminal charges against Raymond, including leaving the scene of an accident, failure to appear, and providing false information. Raymond also agreed that the municipality could seek a sentence of 1180 days with 570 days to serve. He argued for a total of 300 days to serve, but Judge Anderson ultimately imposed 460 days to serve. Under these circumstances, we do not believe that the sentence imposed was clearly mistaken. Raymond had a total of four DWI convictions and two DWLR convictions within one year. Even if there had been no plea agreement, we would not be convinced that the sentence imposed was beyond the permissible range of reasonable sentences for Raymond's offenses.[2] *McClain v. State,* 519 P.2d 811, 813-14 (Alaska 1974).

Judge Anderson did not recite the *Chaney* criteria in imposing sentence, but emphasized the number and frequency of Raymond's offenses involving alcohol and driving. Although Judge Anderson's reasons for imposing this particular sentence were stated in a somewhat cursory manner, we do not believe a remand is re-

---

1. Raymond was also fined, had his license revoked, and had several special conditions imposed as part of his probation. He does not appeal these aspects of his sentence.

2. In *State v. Graybill,* 695 P.2d 725 (Alaska, 1985), the supreme court approved a sentence of more than one year to serve for a recidivist

misdemeanant. We believe that Raymond's status as a repeat offender also justifies a sentence of more than one year to serve. We note that driving while intoxicated is a crime far more dangerous to society than the hunting violations committed by Graybill.

quired. *Smith v. State*, 691 P.2d 293, 295 (Alaska App.1984) ("it is only in instances where the court's remarks afford no insight to its reasons for sentencing or where they affirmatively indicate that its sentence was not properly grounded on the *Chaney* goals that failure to address the goals expressly will require a remand").

Defense counsel thoroughly reviewed all of the *Chaney* criteria and described Raymond's efforts at rehabilitation prior to the imposition of sentence. Although defense counsel's argument on the *Chaney* criteria is not a substitute for judicial consideration of those criteria, we believe that Judge Anderson was aware of the relationship of the *Chaney* goals to the sentence imposed and gave them due consideration.

The sentence is AFFIRMED.