**Richard C. YERK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–748.**

Court of Appeals of Alaska.

Sept. 20, 1985.

Paul J. Nangle, Paul J. Nangle & Associates, Anchorage, and Richard C. Yerk, in pro. per., Palmer, for appellant.

Clark T. Stirling, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

### OPINION

COATS, Judge.

Richard Yerk was convicted, based upon his plea of no contest, of two counts of assault in the second degree, AS 11.41.-210(a)(2).[1] Judge Victor Carlson sentenced Yerk to concurrent sentences of seven years with four years suspended and placed Yerk on probation for a period of five years following his incarceration. Judge Carlson also revoked Yerk's driver's license for five years although he authorized Yerk to apply for a license to drive

---

**1.** AS 11.41.210(a)(2) provides that a person commits the crime of assault in the second degree if

(2) that person recklessly causes serious physical injury to another person.

during the course of his employment following his incarceration. Yerk appeals this sentence, arguing that it is excessive. We affirm.

On April 29, 1984, Yerk was driving the wrong way on a bridge in Anchorage. He ran head on into a car driven by Rhonda Rice. She was accompanied by her husband David Rice. David Rice sustained a concussion, a fracture of the left hip, a fracture of the right jaw, and a large cut behind his left ear as a result of the collision. Rhonda Rice was twenty-eight weeks pregnant at the time of the accident; the fetus was killed in the accident. Mrs. Rice also suffered a black eye, abrasions on her chest, and bruises on her abdomen. Yerk sustained a cut over his right eye and abrasions on his arm. Two and one-half hours after the accident Yerk registered a blood alcohol level of 0.165 percent. A person is considered to be driving while intoxicated at 0.10 percent or over. AS 28.35.030.

At the time of the accident Yerk was forty-two and had no record of prior convictions other than two minor traffic offenses. He had a history of abuse of alcohol and cocaine, but at the time of sentencing appeared to have made substantial progress toward solving his substance abuse problems.[2] However, Judge Carlson found that Yerk's offenses were particularly serious, thus he imposed a sentence of seven years with four suspended. He found that the evidence in the case would have supported a conviction of a more serious offense, assault in the first degree, a class A felony. *See* AS 11.41.200.[3]

We believe that the sentence which Judge Carlson imposed is supported by the record. Yerk's offense was a class B felony with a maximum sentence of ten years. The presumptive sentence for a second felony offender convicted of a class B felony is four years. AS 12.55.125(d)(1). In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we indicated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." However, we have also indicated, in terms of applying the *Austin* rule, that our primary focus will be on the actual time of imprisonment imposed rather than suspended time. *Tazruk v. State*, 655 P.2d 788 (Alaska App.1982). Thus Yerk's sentence of three years to serve does not violate the *Austin* rule. Although three years to serve for a first assault conviction, coupled with Yerk's four year period of suspended time, is a substantial sentence for a first felony offender, we believe that the facts of this case justify the sentence. The injuries which resulted from this accident, particularly the injury which resulted in the death of the fetus, are particularly appalling. Judge Carlson could properly consider the fact that this offense could have been charged as a first degree assault in considering the seriousness of the offense. We conclude the sentence was not clearly mistaken.

AFFIRMED.

---

**2.** Yerk argues that Judge Carlson placed undue emphasis on Yerk's substance abuse problem in passing sentence. Yerk points to AS 12.55.-155(g), which provides that "[v]oluntary alcohol or other drug intoxication or chronic alcoholism or other drug addiction may not be considered an aggravating or mitigating factor." However, a person's background of substance abuse may be considered in assessing his prospects for rehabilitation. *State v. Ahwinona*, 635 P.2d 488, 491 n. 3 (Alaska App.1981). Judge Carlson spent some time at the sentencing proceeding discussing with Yerk his substance abuse problems. Judge Carlson appears to have

concluded that Yerk had made substantial progress in solving his substance abuse problems and that this reflected favorably on Yerk's prospects for rehabilitation. Judge Carlson appears to have given proper consideration to Yerk's substance abuse background.

**3.** AS 11.41.200(a)(1) provides that a person commits assault in the first degree if

(1) that person recklessly causes serious physical injury to another by means of a dangerous instrument.