**Arthur SMITH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–559.

Court of Appeals of Alaska.

April 18, 1986.

Sen. K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Arthur Lee Smith was charged by indictment with two counts of rape, in violation of former AS 11.15.120(a)(1). He was convicted of one count by a jury and thereafter entered a plea of no contest to the other count. Superior Court Judge Victor D. Carlson sentenced Smith to two concurrent fifteen-year terms. Smith appealed this sentence, and we affirmed in *Smith v. State*, 691 P.2d 293 (Alaska App.1984).

While Smith's sentence appeal was pending, he filed an application for post-conviction relief in the superior court, seeking reversal of the conviction on the count for which he had been tried. Smith alleged ineffective assistance by his trial counsel.[1] Smith also sought to withdraw his no contest plea on the other count, arguing that the plea also resulted from ineffective assistance of counsel. After conducting a hearing, Judge Carlson concluded that Smith's trial counsel had provided adequate representation. The judge thus denied Smith's application for post-conviction relief and his motion to withdraw the no contest plea. Smith then brought this appeal. On appeal, Smith does not challenge Judge Carlson's denial of his post-conviction relief application. He contests only the denial of his motion to withdraw the no contest plea. Smith argues, as he did below, that the no contest plea resulted from ineffective assistance of counsel.

Smith's claim of ineffective assistance of counsel centers on an unusual "double or nothing" plea negotiation. Smith's two charges of rape stemmed from incidents occurring approximately nine months apart and involving different victims. The offenses were nonetheless quite similar in many respects,[2] and the charges were accordingly joined for trial. Prior to trial, however, Smith's counsel arrived at an agreement with the prosecution, that resulted in only one of the two counts being tried. The plea bargain called for the state to select one of the two counts for trial; no evidence of the other incident was to be admitted during the trial on the count se-

---

1. Smith's counsel on appeal did not represent him at trial.

2. The facts of the offenses are detailed in *Smith v. State*, 691 P.2d 293, 294 n. 2 (Alaska App. 1984).

lected. If Smith was acquitted of that count, the state was to dismiss the second count. If Smith was convicted of the first charge, he was to enter a plea of guilty or no contest to the second.

Pursuant to this agreement, Smith was tried on only a single count. His first trial resulted in a deadlocked jury. He was convicted following a second trial. Smith's other charge was scheduled for a change of plea at the same time as the sentencing hearing on the charge that had been tried. Prior to the change of plea hearing, Smith asked his attorney if he (Smith) was obligated to go through with the change of plea agreement. Smith's attorney replied that he considered the agreement binding and that Smith would have to retain new counsel if he wanted to renege. Smith proceeded to enter a plea of no contest in accordance with the plea agreement. Neither the agreement nor Smith's last-minute qualms about following through on it were revealed to the court on the record during the change of plea hearing. It is undisputed that Smith believed he was obligated to go through with the change of plea. In his subsequent motion to withdraw his plea, Smith asserted that his counsel was ineffective in failing to inform Smith that he could have persisted in his not guilty plea.

In rejecting Smith's motion to withdraw his no contest plea, Judge Carlson characterized the "double or nothing" agreement as a "stroke of genius." Judge Carlson recognized that Smith's defense—which was consent—would almost certainly have been unsuccessful if the two charges against him had been tried together or if evidence of one incident had been admitted at the trial for the other. Judge Carlson reasoned that the "double or nothing" plea bargain was, realistically, Smith's only chance to gain an acquittal, because it was the only way that Smith could secure a trial on a single charge without the facts of the second charge being presented to the jury. Judge Carlson thus concluded:

The defendant had received the benefit of his agreement with the district attorney, an agreement the terms of which he

was well aware. [Defense counsel] was within his rights as the defendant's attorney to insist that the defendant abide by the agreement and had a duty as a lawyer to do so. And the defendant testified that he independently felt he had to live up to his side of the agreement because the state had done everything it had agreed to do.

Smith argues on appeal that this conclusion is erroneous. We believe Smith's argument has merit.

■ Alaska Criminal Rule 11(h) requires that a defendant be allowed to withdraw a plea of guilty or no contest after sentence has been imposed only when withdrawal is necessary to avoid a manifest injustice. Under the rule, however, a showing that the plea resulted from ineffective assistance of counsel is equivalent to a showing of manifest injustice. Criminal Rule 11(h)(1) provides, in relevant part:

(1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

\* \* \* \* \* \*

(ii) withdrawal is necessary to correct a manifest injustice whenever it is demonstrated that:

(aa) the defendant was denied the effective assistance of counsel guaranteed by constitution, statute or rule. . . .

Thus, the rule is clear that a showing of ineffective assistance of counsel will entitle the defendant to withdraw his plea, without further inquiry into the issue of manifest injustice.

In this case, Smith apparently agreed to enter a no contest plea on one of his two counts if convicted on the other. In return for this agreement, the state conferred a substantial benefit on him by agreeing to a trial on only one count and to a dismissal on the second count if Smith was acquitted on the first. Having been tried and convicted on one count, Smith received the benefit of his bargain. In an equitable and

moral sense, it certainly seems fair to expect Smith to live up to his end of the bargain.

■ Yet, a distinction must be made between fairness and legal duty: the law does not always obligate the accused to do that which seems fair and equitable. No authority has been called to our attention indicating that, upon conviction of one count, Smith could lawfully be compelled to plead no contest on the other. The state has cited no cases to establish that Smith was legally obligated to plead no contest on the remaining count or that the terms of his plea bargain were specifically enforceable. Indeed, the state does not even appear to dispute Smith's contention that he was under no legally enforceable duty to change his plea.

Smith's situation hardly seems a sympathetic one. Yet we are aware of no legal basis for holding that Smith was foreclosed as a matter of law from persisting in his original plea of not guilty—even after he was convicted of the first charge. Smith's right to persist in his original plea of innocence and to insist that the state prove its case beyond a reasonable doubt is rooted in the constitutional guarantee of due process. U.S. Const., amend. V; Alaska Const., art. 1, § 7. Traditionally, the right is not surrendered unless and until the accused enters a plea of guilty or no contest, formally and on the record, in conformity with applicable procedural requirements. *See* Alaska R.Crim.P. 11. To hold, under the circumstances of the present case, that Smith was bound by the plea agreement and that it could be specifically enforced against him would be tantamount to condoning an off-the-record waiver of rights, effectively bypassing all of the procedural safeguards of Criminal Rule 11. In the absence of authority to the contrary, we must conclude that Smith retained the legal right to persist in his original plea, no matter how unfair the exercise of that right might have been in a purely equitable sense.

■ The fact that Smith was legally entitled to persist in his plea of innocence is, in our view, determinative of his claim of ineffective assistance of counsel. Prior to his change of plea, Smith specifically asked his counsel if he was obligated to change his plea. Smith's question obviously related to his legal rights, not to his ethical duties. Smith's attorney replied that he considered Smith to be bound by the agreement. Both parties agree—and, indeed, the trial court expressly found—that Smith proceeded to enter a plea of no contest in the belief that he was, in fact, obligated to do so.

In *Risher v. State*, 523 P.2d 421 (Alaska 1974), the Alaska Supreme Court spoke of the right to effective assistance of counsel in the following words:

> Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.

*Risher*, 523 P.2d at 424 (footnotes omitted).

We believe it self-evident that an indispensable component of the guarantee of effective assistance of counsel is the accused's right to be advised of basic procedural rights, particularly when the accused seeks such advice by specific inquiry. Without knowing what rights are provided under law, the accused may well be unable to understand available legal options and may consequently be incapable of making informed decisions. *See, e.g., Arnold v. State*, 685 P.2d 1261, 1267 (Alaska App. 1984).

Here, Smith's inquiry to his counsel was a request for legal advice concerning the availability of a fundamental procedural right. We believe that the constitutional guarantee of effective assistance of counsel entitled Smith to an answer explaining the options that were open to him as a matter of law. Instead, Smith's counsel merely told Smith that he was bound by the prior agreement to plead no contest. Smith consequently entered his plea of no contest believing that he was obligated to do so.

By entering, initially, into the "double or nothing" agreement, Smith did not relinquish his right to effective assistance of counsel at later stages of the proceedings against him. That right continued to attach immediately before Smith entered his no contest plea. Smith was entitled to advice concerning his legal rights that was "undeflected by conflicting considerations." *Risher*, 523 P.2d at 424. The possibility that Smith might fortuitously and undeservedly profit by reneging on an otherwise unenforceable plea bargain cannot, in our view, justify withholding from him the information that he was not legally bound to plead no contest. And the fact that Smith's counsel felt personally bound by the agreement cannot justify the failure to advise Smith that, as a legal matter, the agreement could not be enforced.

■ Because of the manner in which the "double or nothing" agreement was implemented in this case,[3] Smith's counsel may understandably have considered himself foreclosed as a matter of both personal integrity and professional ethics from giving Smith any advice that would encourage him to renege on the agreement. To the extent that this precluded Smith's counsel from fully advising his client of the options legally open to him, however, the concern of Smith's counsel with his own ethical and moral dilemma was squarely at odds with his duty to "conscientiously protect his client's interest, undeflected by conflicting considerations." *Risher v. State*, 523 P.2d at 424. If Smith's counsel believed himself precluded from informing

Smith of his right to persist in his plea of no contest, we believe he was under a duty to seek withdrawal from the case.

■ We are particularly troubled by the apparent failure of both Smith's counsel and counsel for the state to disclose the substance of the negotiated plea agreement to the trial court during Smith's change of plea hearing. Similarly disturbing is the failure of Smith's counsel to disclose to the court the fact that Smith had expressed qualms about following through with this agreement. Even in the absence of withdrawal by defense counsel, such disclosures would at least have enabled the trial court to inquire on the record into Smith's understanding of the agreement and to give appropriate advice concerning the extent to which the agreement limited Smith's procedural options.[4]

In the absence of withdrawal by counsel or disclosure to the court, we are constrained to find that Smith's counsel failed to provide effective representation. Under the provisions of Criminal Rule 11(h)(1)(ii)(bb), Smith is entitled to withdraw his no contest plea.[5]

The superior court's order denying Smith's motion to withdraw his plea is REVERSED.

SINGLETON, Judge, concurring.

I agree with the result reached in this case. I believe we should adopt a rule that provides that neither side may obtain a right to specific performance of a plea

---

3. Although our view of the situation is undoubtedly aided by hindsight, we believe that Smith's last-minute change of heart was not entirely unforeseeable and that the plea agreement could have been structured to be legally binding on Smith without impairing the ability of Smith's counsel to render effective assistance. For example, the agreement could have called for Smith to enter a plea of no contest to the second charge before trial on the first, with an agreement on the record that the no contest plea could be withdrawn if Smith was acquitted of the first count.

4. In fairness to trial counsel, it should be noted that, at the change of plea hearing, the trial court did not inquire whether Smith's plea was

entered as a result of any "prior discussions between the attorney for the state and the defendant or his attorney," as required under Alaska Rule of Criminal Procedure 11(d).

5. Smith has not appealed the conviction he received on the count for which he was tried. In denying Smith's motion to withdraw his plea, Judge Carlson expressly concluded that Smith's sentence in the other case would not have been affected by withdrawal of his no contest plea in the present case. There is nothing in the record before us to cast doubt on the trial court's finding. Accordingly, we find no basis for disturbing either the conviction or sentence Smith received in his companion case.

agreement until such time as that agreement is disclosed to the trial court and approved, in conformity with Alaska Rule of Criminal Procedure 11. Such a rule finds support in *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *United States v. Blackner*, 721 F.2d 703 (10th Cir.1983); and, I believe, is foreshadowed in *Stobaugh v. State*, 614 P.2d 767, 771–72 (Alaska 1980).

Applying that rule to this case, the agreement between Smith, his counsel, and the State of Alaska, was never disclosed to the trial court or approved by the trial court in conformity with Criminal Rule 11. In my view, neither party obtained specifically enforceable rights under the agreement. The prosecutor must abide by the terms of a plea agreement where the defendant pleads guilty in reliance upon those terms. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). But, where the agreement is not disclosed to the court in accordance with Rule 11, the defendant's only remedy is the withdrawal of his plea, not specific enforcement of the agreement. *Blackner*, 721 F.2d at 709. *A fortiori*, the state should not be able to specifically enforce a plea agreement not approved by the trial court. Since Smith apparently believed the agreement was specifically enforceable and entered a plea based in part on this mistaken belief, I agree he should be permitted to withdraw his plea.