Craig M. BROGDON, Appellant,

v.

STATE of Alaska, Appellee.

No. A-3052.

Court of Appeals of Alaska.

Nov. 9, 1989.

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Carmen E. Clark, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Craig M. Brogdon was convicted after pleading no contest to one count of assault in the second degree, a class B felony. AS 11.41.210(a)(2), (b). Superior Court Judge Charles K. Cranston sentenced Brogdon, a first felony offender, to a term of five years with two years suspended. Brogdon appeals, contending that the sentencing court failed to adequately address the goal of rehabilitation and that the sentence is excessive. We affirm.

On July 9, 1988, Brogdon drove his 1968 Ford Mustang 428 Cobra Jet on the Sterling Highway at speeds in excess of 100 miles per hour. As he passed slower vehicles in a no passing zone on a blind curve, Brogdon encountered an oncoming car. He swerved back to his side of the road, colliding with the rear of a car in his own lane of traffic. The collision seriously injured the driver and passenger of the car that Brogdon collided with. Brogdon attempted to leave the scene of the accident but was stopped by other motorists. An Intoximeter test taken after the collision revealed Brogdon's blood alcohol level to be .189%, almost twice the legal limit.

Brogdon was initially charged with two counts of assault in the first degree (recklessly causing serious physical injury by means of a dangerous instrument), and one count of attempted failure to render assistance. These charges were dismissed upon Brogdon's agreement to plead no contest to a lesser count of second-degree assault.

Brogdon was thirty years old at the time of the offense. He had no prior criminal convictions, but had an extensive traffic record, including seven speeding violations. The sentencing record indicates that Brogdon suffers from hemophilia, a condition that has required him to receive periodic blood transfusions. Several months before this offense, Brogdon learned that he had been infected with HIV, the AIDS virus, through exposure to a contaminated transfusion. It appears that, as a result of this news, Brogdon became seriously depressed. At the sentencing hearing, Brogdon argued that his conduct in committing this offense was uncharacteristic and had resulted from his depression.

In imposing sentence, Judge Cranston accepted this argument. Nevertheless, the judge concluded that Brogdon's depression and stress did not excuse his conduct. Judge Cranston found that, for a second-degree assault, Brogdon's conduct was among the most serious in its class. The judge pointed out that Brogdon was severely intoxicated, had driven at extreme rates of speed, and had passed other vehicles on blind corners in clearly marked no passing zones. Judge Cranston further found it significant that, as a result of Brogdon's conduct, two innocent victims had suffered serious physical injuries and were fortunate not to have been killed. Finally, Brogdon had attempted to leave the scene of the collision.

In view of the seriousness of Brogdon's conduct, Judge Cranston concluded that imposition of an insubstantial jail sentence would convey the message that situational stress is an excuse for extreme recklessness. Judge Cranston found that Brogdon's case was exceptionally serious and warranted a first offense sentence exceeding the presumptive term for a second felony offender. Accordingly, the judge imposed a five-year sentence. The primary purposes of the sentence, according to the judge, were deterrence and community condemnation.

Because of Brogdon's physical and emotional condition, however, Judge Cranston elected to suspend two years of the sentence, on condition that Brogdon complete five years of probation. The judge directed that Brogdon undergo screening for alcohol and drug abuse and that he complete a residential substance abuse program, if appropriate. Any time spent in residential treatment was to be credited as part of the unsuspended portion of Brogdon's sentence.

■ In challenging his sentence, Brogdon first contends that the sentencing court failed to adequately address rehabilitation. We have previously held, however, that a court's failure to expressly mention rehabilitation will not invalidate a sentence when the record makes it clear that the court considered rehabilitation and made adequate provision for it in the sentence. *See, e.g., Smith v. State*, 691 P.2d 293, 294 (Alaska App.1984).

In the present case, it is true that Judge Cranston did not expressly mention rehabilitation. However, the judge specifically indicated that he had taken account of the evidence relating to Brogdon's physical and emotional condition. Indeed, the judge stated that his decision to suspend two years of imprisonment was primarily influenced by this evidence.

Additionally, the sentence imposed by Judge Cranston made adequate provision for Brogdon's rehabilitation. In particular, we note that Judge Cranston required Brogdon to complete a residential substance abuse program and specified that any time he spent in treatment would be credited against his sentence. Under the circumstances, the court's failure to expressly mention rehabilitation does not provide grounds for resentencing.

■ Brogdon also argues that his sentence is excessive. However, the sentencing record strongly supports Judge Cranston's finding that Brogdon's conduct was exceptionally serious for a class B felony. The three-year unsuspended portion of the sentence is well below the presumptive term for a second felony offender, and so does not violate the rule of *Austin v. State*, 627 P.2d 657, 658 (Alaska App.1981). *See Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982).

Brogdon's overall sentence is well within the range we have previously approved for comparable offenses. *See, e.g., Yerk v. State,* 706 P.2d 341 (Alaska App.1985); *Dresnek v. State,* 697 P.2d 1059 (Alaska App.1985). Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.